NOT FOR PUBLICATION (Docket No. 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LEOPOLDO ARISTORY, | |
| Plaintiff, | Civil No. 07-3396 (RBK/JS) |
| v. | **OPINION** |
| MARINE DISTRICT DEVELOPMENT COMPANY, LLC, et al, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendant Marine District Development Company, LLC d/b/a the Borgata Hotel and Casino ("Borgata") for summary judgment on all claims alleged against it in the Complaint of Plaintiff Leopoldo Aristory ("Plaintiff"). Plaintiff's Complaint includes allegations against the Borgata pursuant to the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act, or New Jersey's Dram Shop Act, N.J. Stat. Ann. § 2A:22A-1, et seq. and common law negligence. The Borgata moves for summary judgment on Counts III - VI of the Complaint, all counts against it. For the reasons expressed below, the Court will grant in part and deny in part the Borgata's motion.

**I.      BACKGROUND**

Plaintiff visited Club Murmur ("the club") at the Borgata on August 19-20, 2008. Plaintiff arrived at the club with a group of five other men at approximately 11:00 p.m. Plaintiff

1

was not intoxicated, nor were any of the five men with him. At approximately 3:00 a.m., Plaintiff and his friends were watching a woman dancing in the middle of the club when an altercation began. Plaintiff's friend Roger was pushed by those involved, and in response, Roger extended his arm and pushed back against the crowd.[1] Plaintiff turned to see what was happening, and within moments realized that his face was covered in blood, having been hit in the face. Plaintiff's friends told him that he had been hit by a glass or a bottle, and they identified Defendant Justin Fiordiomondo ("Fiordiomondo") as having hit Plaintiff with the object.

Fiordiomondo also had been at the club with a group of friends that night. He testified in his own deposition that he was intoxicated at the time of the incident; however, he claims that he was not so intoxicated as to appear drunk to someone who did not know him. Fiordiomondo had previously noticed that two women in his group, Nadia Franzone and Andrea Hendri, were upset about something. Fiordiomondo joined the women on the couch where they were standing and spat at the person who had been bothering the women.[2] Plaintiff's brief in opposition to the instant motion states that "Defendant [Fiordiomondo] spat on the Plaintiff, citing to Fiordiomondo's deposition testimony to support this "material fact." (Pl. Opp. Br. at 3.) The cited portion of Fiordiomondo's deposition testimony, however, states that he "spit towards these people" who had been bothering Nadia and Andrea, but does not specify that he spat at anyone in

---

[1] The Court is unclear whether "Roger" is the same person as Rogelis Martinez, identified as an eyewitness in this case.

[2] Plaintiff's brief cites Hendri's testimony that "Fiordiomondo came over and confronted a guy who was extremely intoxicated." (Pl. Opp. Br. at 5.) The Court is unclear as to Plaintiff's position on this matter, as he alleges variously that: (1) he was not intoxicated at the time of the incident, (2) he was spat on by Fiordiomondo, and (3) Fiordiomondo confronted someone who was extremely intoxicated.

particular, nor Plaintiff specifically. (Pl. Ex. B.) The statement written by Rogelis Martinez on the night of the incident states, "A guy turned around and spit at [Plaintiff] . . . the same guy who spit, threw an empty cylindrical tall glass at [Plaintiff]." (Pl. Ex. C.) As all justifiable inferences are to be drawn in favor of the Plaintiff, and it is his representation that Defendant spat at him, the Court will proceed as though Fiordiomondo spat at Plaintiff. Someone then grabbed Fiordiomondo by his face and pushed off the couch, which caused him to fall to the ground. Borgata security then removed Fiordiomondo from the club.

The Borgata's Crowd Control Manager testified in his deposition that, at the time of the incident, the club and the area of the incident were adequately staffed.[3]

## II.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving

---

[3] Borgata relies on multiple pages of Joe Vanderslice's deposition testimony in its assertions regarding the staffing of the club and the area of the incident. Only one page of Vanderslice's deposition transcript was attached to the instant motion, however, so the Court will consider only the evidence before it, his testimony that the area was adequately staffed to protect those in the club that night.

for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

III.   ANALYSIS

    A.   **Dram Shop Claim**

The Borgata moves for summary judgment on Plaintiff's claim against it pursuant to the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act, or New Jersey's Dram Shop Act. Borgata contends that Plaintiff can point to no evidence in the record showing that the Borgata served Fiordiomondo when he was visible intoxicated, nor that Fiordiomondo was visibly intoxicated at all. Additionally, the Borgata questions whether Fiordiomondo was actually responsible for Plaintiff's injuries given Plaintiff's inability to identify him. Plaintiff points to Fiordiomondo's own testimony to show that there is a genuine issue of fact as to Fiordiomondo's intoxication.

> The Dram Shop Act in New Jersey provides that:
>
> a. A person who sustains personal injury or property damage as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from a licensed alcoholic beverage server only if:
>   (1) The server is deemed negligent pursuant to subsection b. of this section; and
>   (2) The injury or damage was proximately caused by the negligent service of alcoholic beverages; and
>   (3) The injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages.
> b. A licensed alcoholic beverage server shall be deemed to have been negligent **only when the server served a visibly intoxicated person**, or served a minor, under circumstances where the server knew, or reasonably should have known, that the person served was a minor.

N.J. Stat. Ann. § 2A:22A-5 (emphasis added). To establish liability under the Dram Shop Act, a plaintiff must prove, <u>inter alia</u>, that the licensed alcoholic beverage server served an alcoholic beverage to a "visibly intoxicated person."

The only evidence in the record regarding Fiordiomondo's intoxication, which presumes for the sake of argument that Fiordiomondo was the cause of Plaintiff's injuries, is Fiordiomondo's own testimony that he was intoxicated but not enough so as to appear drunk to

5

someone who did not know him.  The Court agrees with the Borgata that there is a lack of any evidence in the record that might establish that Fiordiomondo was visibly intoxicated, nor that he was served by the Borgata while being visibly intoxicated.  Plaintiff does not cite to his or his friends' own testimony, if there is any, that Fiordiomondo was visibly intoxicated at the time of the incident.  Because Plaintiff can only point to Fiordiomondo's testimony that he was intoxicated but not visibly so, the Court is left to find no genuine issue of material fact as to Plaintiff's Dram Shop claim against the Borgata.  Accordingly, Borgata's motion for summary judgment will be granted as to Count III of Plaintiff's Complaint.

### B.  Negligence Claims

The Borgata moves for summary judgment on Plaintiff's claims that it was negligent in permitting Fiordiomondo to become combative (Count IV); failing to provide adequate security (Count IV); failing to hire adequate personnel to protect Plaintiff (Count IV); failing to properly train, supervise, and/or oversee Borgata personnel (Count IV); failing to adequately control the environment at the club (Count IV); acting willfully and wantonly with regard to the foregoing (Count V); and failing to institute and promulgate rules and regulations to prevent violence at the club, despite an alleged history of such incidents (Count VI).

The Borgata claims that there is no genuine issue of fact as to its various negligence claims because there was no breach of a duty owed to Plaintiff, and the incident was not proximately caused by the Borgata.  Moreover, Borgata argues that were the Court to employ a substantial factor analysis, it would conclude that Plaintiff's failure to present a liability expert to testify as to the Borgata's culpability makes it impossible for Plaintiff to sustain a negligence claim.  Plaintiff points to the testimony of three witnesses to show that there is a genuine issue of

material fact as to the Borgata's handling of the incident at issue in this case.

A finding of negligence requires (1) the existence of a duty; (2) defendant's breach of that duty; (3) a showing that the breach was the proximate cause of the plaintiff's harm; and (4) actual damages.  See Weinberg v. Dinger, 524 A.2d 366, 373 (N.J.1987); Bennett v. Real Prop. Servs. Corp., 66 F. Supp. 2d 607, 614 (D.N.J. 1999).  To be sure, where the alleged negligence is based upon a failure to act, causation may be determined by assessing whether the negligent failure to act was a substantial factor contributing to the harm.  See Brown v. United States Stove Co., 484 A.2d 1234, 1243 (N.J. 1984) ("With respect to concurrent proximate causation, a tortfeasor will be held answerable if its 'negligent conduct was a substantial factor in bringing about the injuries,' even where there are 'other intervening causes which were foreseeable or were normal incidents of the risk created.'") (quoting Rappaport v. Nichols, 156 A.2d 1, 9 (N.J. 1959)).

Courts in New Jersey have found causes of action in common law for negligence based upon the kinds of claims Plaintiff advances in this matter.  See Bauer v. Nesbitt, 942 A.2d 882, 891 (N.J. Super Ct. App. Div. 2008) (finding a cause of action against a bar for negligent supervision of individual who killed plaintiff in a drunk driving accident), cert. granted, 951 A.2d 1038 (N.J. 2008); Martin, 785 A.2d at 22 (finding cause of action against a bar for negligent security or supervision for failing to guard plaintiff against an off-premises rape by another patron of the bar); Popow v. Wink Assocs., 636 A.2d 74, 80 (N.J. Super. Ct. App. Div. 1993) (finding evidence sufficient to support a jury finding based upon failure to provide security or supervision in a tavern); Kuehn v. Pub Zone, 835 A.2d 692, 699-700 (N.J. Super. Ct. App. Div. 2003) (finding bar had a duty to take reasonable precautions to protect patrons against dangerous conditions caused by a motorcycle gang with a violent reputation), cert. denied, 841 A.2d 92

(N.J. 2004).

Thus, turning to a negligence analysis, the Borgata had a duty to protect Plaintiff from foreseeable injuries.  See Restatement (Second) of Torts § 344 at 225-26, cmt. f (1965); see also Kuzmicz v. Ivy Hill Park Apartments, 688 A.2d 1018, 1021 (N.J. 1997) ("landlords and business owners should be liable for foreseeable injuries that occur on their premises").  The Borgata owed a duty to exercise reasonable care to determine whether injury to the Plaintiff was foreseeable, protecting him from such injuries if it found him to be in danger.  See  Martin v. Prime Hospitality Corp., 785 A.2d 16, 22 (N.J. Super. Ct. App. Div. 2001).

Considering the testimony of the Plaintiff and Fiordiomondo as well as various witnesses, in particular testimony that a melee went on for thirty to forty-five minutes before security became involved, the Court finds that there is a genuine issue of fact whether Borgata breached its duty to protect Plaintiff and whether that breach was the proximate cause or a substantial factor in the resulting harm suffered by Plaintiff.

The Court notes that the Borgata has presented sworn testimony that the security at the club was adequate and that it argues that Plaintiff must have solicited expert testimony to disprove such testimony about security measures.  Although such testimony may be an aid to the finder of fact, the Court is mindful that "except for malpractice cases, there is no general rule or policy requiring expert testimony as to the standard of care" in New Jersey common law negligence cases.  Butler v. Acme Markets, Inc., 445 A.2d 1141, 1147 (N.J. 1982) (citations omitted).  Finding that the provision of security at the club is not a question "so esoteric that jurors of common judgment and experience [could not] form a valid judgment as to whether the conduct of the [Borgata] was reasonable," the Court will refrain from granting summary

judgment based upon Plaintiff's failure to solicit the testimony of a liability expert. Id.

Accordingly, the Court will deny summary judgment on Plaintiff's negligence claims in Counts IV and VI against Borgata.  Because Plaintiff's Count V alleges the willful and wanton acts otherwise alleged in Count IV, the Court will deny summary judgment on Plaintiff's claim in Count V.

**IV.   CONCLUSION**

Based upon the foregoing, Borgata's motion for summary judgment will be GRANTED in favor of Borgata and against Plaintiff as to Count III of Plaintiff's Complaint.  Borgata's motion for summary judgment will be DENIED as to Counts IV, V, and VI.  The accompanying Order shall issue today.

Dated:   4-9-09                                                                   /s/ Robert B. Kugler
                                                                                             ROBERT B. KUGLER
                                                                                             United States District Judge